O’Neall, J.
In the case ex parte John Smith, in the matter of the executors of James Bradshaw, 1 Hill, Oh. 140, decided at Charleston, April Term, 1833, an application, similar to the present, was held to be within the power of the Chancellor.
*In that case my brother Harper says, “I have no doubt, on *55] principle and the practice of the Court of Chancery, of the competency of the Court to order funds of an infant, under its control, to be paid to a guardian appointed and residing in another State. ” In pointing-out how an order of transfer might be guarded against abuse, he suggests three things to be examined into and reported by the Commissioner :— First, the fact of the guardian having been regularly appointed, according to the laws of the State in which the wards reside; secondly, the fitness of the guardian for his appointment; and thirdly, whether sufficient security has been given.
The two last of these inquiries were made in this case, under the order of the Chancellor ; and the Commissioner reported in the affirmative on each: he, also, under the order, reported that it would be for the benefit of the wards to make the transfer. The Chancellor denied the motion to confirm the Commissioner’s report, and transfer the funds, as he says, “ for want of power to transfer trust funds out of the jurisdiction.”
The case cited shows that he had the power which he disclaimed, and his decree must be reversed. But, as the Commissioner did not inquire into the fact, whether the petitioner had been appointed guardian of his minor children, according to the laws of Georgia, it will be necessary that the cause should go back to the Circuit Court, to enable the Commissioner to examine into that question ; and while he is doing that, he *49 may as well re-examine the whole case, and report upon all the points to the next Circuit Court.
It is therefore ordered and decreed, that the Chancellor’s decree be reversed, and that the cause be remanded with directions to the Commissioner to make an examination of the case, according to the principles contained in this opinion, and report upon the same to the next Court for Barnwell District.
Johnson, J., concurred.
Harper, J., absent.